LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
    Family Dollar Stores, Inc.
900 Third Avenue, 8th Floor
New York, NY  10022
212.583.9600



**09 1911**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SPATT, J.

BOYLE. M.J

| | |
|---|---|
| ANTHONY RANCHARAN, Individually And on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>FAMILY DOLLAR STORES, INC.<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1332 (a) and (d), 28 U.S.C. §

1441, 28 U.S.C. § 1446 and 28 U.S.C. § 1453, Defendant Family Dollar Stores, Inc. ("Family

Dollar") hereby removes the above-captioned action, which is currently pending in the Supreme

Court of the State of New York, County of Queens, to the United States District Court for the

Eastern District of New York.  In support of its Notice of Removal, Defendant respectfully

alleges as follows:

1.      On or about April 13, 2009, a putative class action complaint was filed against

Family Dollar in the Supreme Court of the State of New York, Queens County, entitled *Anthony*

*Rancharan, Individually And on Behalf of All Other Persons Similarly Situated v. Family Dollar*

*Stores, Inc.*, Case No. 10037-09.  A true and correct copy of the Complaint and Summons is

attached hereto as Exhibit A.  Upon information and belief, no further proceedings have been

held in the Supreme Court of the State of New York, Queens County.

2.      Plaintiff served the Summons and Complaint via hand delivery upon Family Dollar on April 20, 2009.

3.      In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal has been timely filed.

4.      Plaintiff's Complaint contains a single count, alleging violations of the New York Labor Law, Article 19, § 650 *et seq.* Plaintiff brings his claim as a class action, pursuant to New York Civil Practice Law and Rules § 901 *et seq.*

5.      Two separate and independent grounds exist for removal of this action to this Court: diversity jurisdiction and the jurisdiction pursuant to the Class Action Fairness Act ("CAFA").

### *Diversity of Citizenship*

6.      This is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a). Section 1332 provides, in relevant part, that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a). In relevant part, Section 1441(a) provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant(s) to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

7.      Complete diversity of citizenship exists between Plaintiff and Family Dollar. Plaintiff Rancharan is, and was at all times relevant to this action, a resident of the State of New York, residing in Queens County. *See* Complaint, ¶¶ 6, 8. Further, Plaintiff purports to bring this action on behalf of all similarly situated current and former employees of Family Dollar who

are or were employed as Store Managers in New York. *Id.* at ¶¶ 1, 11. Family Dollar is a corporation organized under the laws of the State of Delaware whose principal place of business is in the State of North Carolina, at 1401 Monroe Road, Charlotte, NC, 28201. *Id.* at ¶ 7. Accordingly, there is complete diversity of citizenship between Plaintiff and Family Dollar so as to vest removal jurisdiction in this Court.

8.      The amount in controversy for Plaintiff, exclusive of interest and costs, exceeds $75,000.  Family Dollar must only establish a "reasonable probability" that the amount in controversy exceeds the jurisdictional amount. *Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003).  Further, only the claim of one named plaintiff must meet the $75,000 threshold.   When at least one plaintiff satisfies the amount in controversy requirement, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over the claims of the other plaintiffs, regardless of whether their individual claims satisfy the amount in controversy requirement. *See Exxon Mobil v. Allapattah Servs., Inc.*, 545 U.S. 546, 125 S.Ct. 2611 (2005); *Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 178-79 (2d Cir. 2007).

9.      Assuming that Plaintiff is entitled to any damages – a conclusion which Family Dollar vehemently denies -- such damages exceed $75,000, as evidenced by the face of the Complaint.  Plaintiff specifically and explicitly states in the Complaint that the amount of allegedly unpaid overtime compensation "readily exceeds $125,000." *See* Complaint, p.7.  This alone satisfies Family Dollar's burden. *See Scherer*, 347 F.3d at 397 (recognizing a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy).  As such, based on the allegations in the Complaint and the relief sought, there is a reasonable probability that the matter in controversy for Plaintiff exceeds $75,000.

10. Plaintiff filed this action in the Supreme Court of the State of New York, County of Queens. Therefore, the proper forum for removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446(a) is the United States District Court for the Eastern District of New York.

*Class Action Fairness Act*

11. This Court also has original jurisdiction under CAFA, 28 U.S.C. § 1332(d). In relevant part, CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which: (1) the proposed class contains at least 100 members; (2) the primary defendant is not a state, state official, or other governmental entity; (3) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (4) where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *Id.* This action meets all the CAFA criteria and therefore may be removed by Family Dollar pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1453.

12. Plaintiff purports to bring this case as a class action on behalf of himself and all others similarly situated pursuant to New York Civil Practice Law and Rules § 901 *et seq.* This state statute authorizes an action to be brought by one or more representative persons as a class action. As such, this action is properly considered a class action under CAFA.

13. Plaintiff's Complaint explicitly states that he seeks to represent a class of current and former Family Dollar Store Managers working in New York for the past six (6) years, consisting of at least 250 members. Complaint, ¶¶ 11-12. Therefore, this action satisfies the 100 member threshold of CAFA.

14. Family Dollar, the only named Defendant in this action, is a corporation organized under the laws of the State of Delaware whose principal place of business is in the

State of North Carolina.  Complaint, ¶ 7.  Family Dollar is not a state, state official, or other governmental entity.

15.     As discussed in Paragraph 5, above, there is diversity of citizenship.  Again, Plaintiff is a resident of New York, while Family Dollar is a Delaware corporation with a principal place of business in North Carolina.  Complaint, ¶¶ 6-8.

16.     In addition, there is a reasonable probability that the amount in controversy exceeds the sum of $5,000,000.  For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual class members shall be aggregated..." 28 U.S.C. § 1332(d)(6).  According to the express allegations of the Complaint, Plaintiff seeks to represent a class of at least 250 members.  Complaint, ¶ 12.  Assuming that Plaintiff's claim is representative of this class, each class member would seek an average of $125,000 in unpaid overtime compensation.  Complaint, "Prayer for Relief."  As plead, this would result in an amount in controversy of (250 x $125,000), which is well in excess of $5,000,000.  In sum, Family Dollar denies the validity and merit of all of Plaintiff's claims and states that Plaintiff is not entitled to any relief whatsoever.  However, assuming Plaintiff's claims to be meritorious for purposes of removal only, it is apparent from the face of the Complaint that the amount in controversy in this action easily satisfies the jurisdictional minimum.

17.     Finally, none of the exceptions to CAFA jurisdiction apply in this case.  *See* 28 U.S.C. § 1332(d)(3) and (4).  It is Plaintiff's burden to prove that an exception to CAFA jurisdiction applies. *See Brook v. UnitedHealth Group, Inc.*, 2007 WL 2827808 at *3 (S.D.N.Y. Sept. 27, 2007).  Each of the CAFA exceptions requires that the primary defendant, or a defendant from whom significant relief is sought, be a citizen of the forum state. 28 U.S.C. § 1332(d)(3) and (4).  However, as set forth above, Family Dollar is not a citizen of New York; it

is a citizen of Delaware and/or North Carolina.  As such, Plaintiff cannot establish the applicability of an exception to CAFA jurisdiction in this case.[1]

18.     A true and correct copy of this Notice of Removal has been forwarded for filing in the Supreme Court of the State of New York, Queens County.  Attached as Exhibit B is a copy of the Notice to Clerk of New York State Supreme Court, Queens County of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the New York State Supreme Court, Queens County as required by 28 U.S.C. § 1446(d).

19.     Attached as Exhibit C is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the originals of which are being served on (1) Jeffrey A. Klafter, Seth R. Lesser and Fran L. Rudich, Klafter Olsen & Lesser LLP, Two International Drive, Suite 350, Rye Brook, NY,  10573 and (2) Bradley Berger, Berger & Associates, 321 Broadway, New York, NY  10007, as required by 28 U.S.C. § 1446(d).

20.     Defendant files this Notice of Removal solely for the purpose of removing the instant action and do not waive, and specifically reserves, any and all defenses.

---

[1] Moreover, one of the factors in the "local controversy" and "discretionary" exceptions, 28 U.S.C. §§ 1332(d)(4)(A) and 1332(d)(3), is whether, during the three (3) year period preceding the filing of the action, one or more other class actions asserting the same or similar claims and/or factual allegations against the defendant has been filed. Here, a similar case under New York law was filed against Family Dollar on April 1, 2009. *See Youngblood v. Family Dollar Stores, Inc., Family Dollar Stores of New York, and Does 1 through 10, inclusive,* No. 09-CIV- 3176 (S.D.N.Y.).

WHEREFORE, Defendant Family Dollar Stores, Inc. requests that this action, pending in the Supreme Court of the State of New York, County of Queens, be removed to the United States District Court for the Eastern District of New York.

May 6, 2009

Respectfully submitted,

LITTLER MENDELSON, P.C.

By: _____

Gary D. Shapiro
900 Third Avenue
New York, New York 10022
(212) 583-9600
Attorneys for Defendant
Family Dollar Stores, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he caused a true and correct copy of the annexed

Notice of Removal to be served via Federal Express, overnight delivery, upon the following

individuals on the 6th day of May, 2009.

Fran Rudich
Jeffrey A. Klafter
Seth R. Lesser
Klafter Olsen & Lesser LLP
Two International Drive, Suite 350
Rye Brook, NY 10573

Bradley Berger
Berger & Associates
321 Broadway
New York, NY 10007

_____
Gary D. Shapiro

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF   QUEENS

---

ANTHONY RANCHARAN, Individually
And on Behalf of All Other Persons Similarly Situated,

Plaintiff(s),

-against-

FAMILY DOLLAR STORES, INC.,

Defendant(s).

---

Index No.   [type in Index No]   *10037-09*

**Summons**

Date Index No. Purchased:   *4-17-09*

*& FILED*

To the above named Defendant(s)

FAMILY DOLLAR STORES, INC.
10401 Monroe Road
Charlotte, North Carolina

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is   Queens County
which is   the address of plaintiff.

Dated:   April 13, 2009

Klafter Olsen & Lesser, LLP

by _____
Fran L. Rudich

**Attorneys for Plaintiff**

ANTHONY RANCHARAN, Individually
And on Behalf of All Other Persons Similarly
Situated

Two International Drive, Suite 350
Rye Brook, New York 10573
(914) 934-9200

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
ANTHONY RANCHARAN, Individually
And on Behalf of All Other Persons Similarly Situated,

                          Plaintiff,                   **CLASS ACTION**
       -against-                                  **COMPLAINT**

FAMILY DOLLAR STORES, INC.,
                                                   Index No.:
                  Defendant.
-------------------------------------------------------------------X

Individual and Representative Plaintiff, David Rodriguez, on behalf of himself and all others similarly situated, by his attorneys, KLAFTER OLSEN & LESSER LLP and BERGER & ASSOCIATES, allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION

1.     Plaintiff, Anthony Ramcharan ("Plaintiff"), brings this action on behalf of himself and all other similarly situated current and former employees of Family Dollar Stores, Inc. ("Family Dollar") who are or were employed as Store Managers in New York State since six years prior to the filing of this Complaint (the "Class"), against Defendant.

2.     Plaintiff was employed by Defendant as a Store Manager in New York State, a position that is subject to the overtime provisions of the New York Labor Law, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

3.      Defendant has willfully engaged in a pattern, practice and policy of unlawful conduct by failing to compensate Plaintiff and the members of the Class for work they performed in the State of New York in excess of 40 hours per week that Defendant has required and permitted them to perform.  Defendant is obligated to provide premium pay for work they performed during hours worked in excess of forty hours per work week.

4.      Defendant's pattern, practice and policy of requiring or permitting overtime work without compensation and making illegal deduction from their pay, has violated the rights of Plaintiff and the members of the Class under New York Labor Law Article 19, §§ 190 *et seq.* and 650 *et seq.* and the supporting New York State Department of Labor regulations.

5.      Plaintiff and the Class seek overtime compensation for work in excess of 40 hours per week, as required or permitted by Defendant and attorneys' fees and costs.

## THE PARTIES

6.      Representative Plaintiff, Anthony Ramcharan was, at all relevant times, an adult individual, residing in Queens County, New York. Mr. Ramcharan was employed, as a Store Manager in its Inwood, New York store (Store No. 2716) by Defendant from March 2006 until in or about December 2008.

7.      Defendant Family Dollar Store, Inc. ("Family Dollar") is a Delaware corporation, with its principal place of business at 10401 Monroe Road Charlotte, North Carolina.

## JURISDICTION AND VENUE

8.      At all times relevant and material to this action, Plaintiff has been a resident of the State of New York, and was employed by Defendant in the State of New York.

9.      At all times relevant and material to this action, Defendant did business in the State of New York.

2

10.     Under C.P.L.R. § 503, venue is proper in the County of Queens.

## CLASS ALLEGATIONS

11.     Plaintiff brings this claim for violations of the New York Labor Law as a class action under New York Civil Practice Law and Rules § 901 *et seq*. The claim is brought on behalf the Class -- all persons who have been or will be employed by Defendant as Store Managers in the State of New York during the period of six years before the date of commencement of this action through the date of final disposition of this action ("the Class Period"), to whom Defendant has not paid overtime, notwithstanding the fact that it required or permitted these individuals to perform work in excess of 40 hours per week. Excluded from the Class are Defendant's legal representatives, officers, directors, assigns and successors, or any individual who has, or who had at any time during the class period has had, a controlling interest in Defendant.

12.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 250 members of the Class during the Class Period.

13.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

14.     The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

3

15.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class-action litigation.

16.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

17.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

     a.     whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

     b.     whether Defendant has failed to keep true and accurate time records for all hours worked by Plaintiff and the Class;

     c.     what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

     d.     whether Defendant failed and/or refused to pay, and continues to fail and/or refuse to pay, the members of the Class premium pay for hours worked in excess of 40 hours per workweek within the meaning of the New York Labor Law and the supporting New York State Department of Labor regulations;

     e.     whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory damages, interest, costs and disbursements and attorneys' fees; and

     f.     whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

4

## STATEMENT OF FACTS

18.     Upon information and belief, Defendant, a Fortune 400 company, operates over 6,600 stores in the United States.

19.     Plaintiff was employed by Defendant as a Store Manager in its Inwood, New York Store (Store Number 2716).

20.     Plaintiff's work was performed in the normal course of the Defendant's business and was integrated into the business of the Defendant.

21.     The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

22.     Plaintiff often worked in excess of 40 hours a week, yet the Defendant willfully failed to pay Plaintiff any overtime compensation, which should have been at least at one and one-half times his regular hourly rate, in violation of the New York Labor Law.

23.     Throughout the time that Plaintiff was employed by Defendant as a Store Manager and, upon information and belief, both before that time (throughout the Class Period) and continuing until today, the Defendant has had a policy and practice of not paying its Store Managers employed within the State of New York overtime compensation.  Like the Plaintiff, these Store Managers (the Class) worked in positions that required little skill and no capital investment and their duties and responsibilities did not include any significant managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

24.     The members of the Class have worked in excess of 40 hours a week, yet the Defendant has likewise willfully failed to pay them any overtime compensation, which should have been at least at one and one-half times their regular hourly rate, in violation of the New York Labor Law.

5

25.     During the course of Plaintiff's own employment, and while Defendant employed

Plaintiff and the Class, the Defendant failed to maintain accurate and sufficient time records.

26.     Throughout the relevant time period, upon information and belief, Defendant failed to

post or keep posted a notice explaining the minimum wage and overtime pay rights.

### FIRST CLAIM FOR RELIEF:
### NEW YORK LABOR LAW

27.     Plaintiff, on behalf of himself and the members of the Class, realleges and incorporates

by reference paragraphs 1 through 26 as if they were set forth again herein. At all relevant times,

Plaintiff and the members of the Class were employed by the Defendant within the meaning of

the New York Labor Law, §§ 2 and 651.

28.     Defendant willfully violated Plaintiff's rights and the rights of the members of the Class,

by failing to pay them any overtime compensation, which should have been at rates not less than

one and one-half times their regular rate of pay for each hour worked in excess of 40 hours in a

workweek, in violation of the New York Labor Law and the supporting New York State

Department of Labor regulations.

29.     Due to the Defendant's New York Labor Law violations, Plaintiff and the members of

the Class are entitled to recover from Defendant their unpaid overtime compensation, damages

for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and

disbursements of the action, under New York Labor Law Article 19, § 650 *et seq.*, and the

supporting New York State Department of Labor regulations.

6

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other members of the Class, respectfully requests that this Court grant the following relief:

a.    Certification of this action as a class action under New York Civil Practice Law and Rules § 901 *et seq.*, on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b.    A declaratory judgment that the practices complained of herein are unlawful under the New York Labor Law;

c.    An award of unpaid overtime compensation due under the New York Labor Law in an amount that cannot currently be calculated with specificity, but which readily exceeds $125,000;

d.    An award of prejudgment and postjudgment interest;

e.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

f.    Such other and further relief as this Court deems just and proper.

7

## DEMAND FOR TRIAL BY JURY

Under CPLR § 4101, Plaintiff demands a trial by jury on all issues so triable.

Dated:     New York, New York
March 4, 2009

KLAFTER OLSEN & LESSER LLP

By: _____
Fran Rudich

Jeffrey A. Klafter
Seth R. Lesser
Fran L. Rudich
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile: (914) 934- 9222


Bradley Berger
Berger & Associates
321 Broadway
New York, New York 10007
Telephone:  (212) 571-1900

**ATTORNEYS FOR PLAINTIFF**

8

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ANTHONY RANCHARAN, Individually And on
Behalf of All Other Persons Similarly Situated,

                Plaintiff,

          -against-

FAMILY DOLLAR STORES, INC.,

                Defendant.

Index No. 10037-09

**NOTICE TO STATE COURT OF
FILING OF NOTICE OF REMOVAL**

TO:   **Clerk of Court
Supreme Court of the State of New York
Queens County
88-11 Sutphin Blvd.
Jamaica, NY 11435**

      **PLEASE TAKE NOTICE** that on May 6, 2009, Defendant Family Dollar

Stores, Inc. ("Family Dollar") filed a Notice of Removal with the United States District

Court for the Eastern District of New York. A copy of the said Notice of Removal is

annexed hereto.

Dated: New York, New York
      May 6, 2009

Respectfully submitted,

LITTLER MENDELSON, P.C.

_____
Gary D. Shapiro
900 Third Avenue
New York, NY 10022
212.583.9600

Attorney for Defendant
Family Dollar Stores, Inc.

# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ANTHONY RANCHARAN, Individually And on
Behalf of All Other Persons Similarly Situated,

                  Plaintiff,

           -against-

FAMILY DOLLAR STORES, INC.,

                Defendant.

Index No. 10037-09

**NOTICE TO ADVERSE PARTY OF
FILING OF NOTICE OF REMOVAL**

TO:    **Fran Rudich
       Jeffrey A. Klafter
       Seth R. Lesser
       Klafter Olsen & Lesser LLP
       Two International Drive, Suite 350
       Rye Brook, NY 10573**

       **Bradley Berger
       Berger & Associates
       321 Broadway
       New York, NY 10007**

    **PLEASE TAKE NOTICE** that Defendant Family Dollar Stores, Inc. ("Family

Dollar") is filing a Notice of Removal with the United States District Court for the

Eastern District of New York.  Pursuant to 28 U.S.C. § 1446(d), a true and accurate copy

of said Notice of Removal is annexed hereto.

Dated: New York, New York
      May 6, 2009

Respectfully submitted,

LITTLER MENDELSON, P.C

_____
Gary D. Shapiro
900 Third Avenue
New York, NY 10022
212.583.9600
Attorney for Defendant
Family Dollar Stores, Inc.

1