

**MEMO ENDORSED**

Littler Mendelson, P.C.
321 North Clark Street
Suite 1000
Chicago, IL 60654

January 10, 2012

BY HAND DELIVERY
The Honorable Richard Berman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

John A. Ybarra
312.795.3207 direct
312.372.5520 main
312.372.7880 fax
jybarra@littler.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/12/12

Re:   *Youngblood, et al. v. Family Dollar Stores, Inc., et al.*, No. 09-cv-3176 (RMB/FM)
      *Rancharan v. Family Dollar Stores, Inc.*, No. 10-cv-7580 (RMB/FM)

Dear Judge Berman:

Pursuant to Fed. R. Civ. P. 72(a), Family Dollar objects to the January 6, 2012 Order of Judge Maas (*see* ex. 1) prohibiting Family Dollar from taking its own depositions of absent class members as "clearly erroneous" and "contrary to law."[1] *See Weiss v. La Suisse*, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001). The class consists of 1,600 current and former store managers and to date Family Dollar has selected and taken only one absent class member deposition.

At the November 3, 2011 status conference, based on the exemption analysis required by *Myers v. Hertz Corp.*, 624 F.3d 537, 548 (2d Cir. 2010), Family Dollar requested additional time to depose "a significant number" of absent class members to obtain evidence of the "actual job duties" of store managers. Nov. 3, 2011 tr. at 3 (ex. 6). Plaintiffs argued that such discovery could have been taken earlier and would cover the same subjects as previous depositions, but the Court directed all "fact and expert" discovery to proceed and be completed by February 7. *Id.* at 6, 7. Since defendants were seeking only absent class member discovery, and specifically their depositions, Family Dollar understood that the extended discovery period was for that purpose. Beginning December 23, after a rigorous selection process and seven weeks before the end of discovery, Family Dollar noticed 20 absent class member depositions. Such depositions would

---

[1] Family Dollar requests oral argument. The correspondence from the parties to Judge Maas on the issue is attached as exhibits 2-5.

put defendants on an equal footing with plaintiffs, who have taken 18 depositions of absent class members.[2]

The Order states only that Family Dollar has failed to meet its "heavy" burden for taking absent class member depositions and fails to include any legal analysis or distinguish decisions where such depositions were permitted.[3] In considering absent class member discovery, courts examine whether it "(1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs." *In re Warner Chilcott Ltd. Secs. Litig.*, No. 06 Civ 11515 (WHP), 2008 U.S. Dist. LEXIS 7613, at *5 (S.D.N.Y. Feb. 4, 2008) (citations omitted). Because Family Dollar satisfies all these factors, the magistrate judge's order should be vacated.

The depositions are needed to (1) prove the exemption defense on a class-wide basis;[4] (2) identify witnesses and evidence showing the *actual* activities performed by store managers, *see Myers*, 624 F.3d at 548; and (3) establish that there are not "common answers" to the exemption question, *see Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). The depositions will be "narrowly tailored" to "actual job characteristics and duties." This is the essence of Family Dollar's affirmative defense and will be the centerpiece of any trial. Defendants have no other means of obtaining such evidence for trial since they are barred from communicating with class

---

[2] Family Dollar cross-examined these witnesses. But they were selected by plaintiffs. Family Dollar is seeking to depose its own witnesses, as discussed at the November 3 conference.

[3] Plaintiffs' authority denying absent class member depositions is factually distinguishable. *See* Defs.' Jan. 3, 2012 ltr. at 4 n.6 (ex. 3); Defs.' Jan. 6, 2012 ltr. at 1 (ex. 4).

[4] *See In re Nat. W. Life Ins. Deferred Annuities Litig.*, No. 05-CIV-1018-JLS-(WVG), 2010 U.S. Dist. LEXIS 123089, *7-8 (S.D. Cal. Nov. 19, 2010) (Mag. Op.) (16 depositions of absent class members to "disprove plaintiffs' theory of the case"), *sustained in relevant part*, 2011 U.S. Dist. LEXIS 4950, *4-5 (S.D. Cal. Jan. 19, 2011); *Bruhl v. PriceWaterhouseCoopers Int'l*, No. 03-Civ-23044, 2010 U.S. Dist. LEXIS 129504, at *8-9 (S.D. Fla. Dec. 8, 2010) (12 depositions for same purpose); *In re Warner Chilcott Ltd. Secs. Litig.*, 2008 U.S. Dist. LEXIS 7613, at *5 (30 absent class member depositions); *see also Redmond v. Moody's Investor Serv.*, 1995 U.S. Dist. LEXIS 6277, at *5 (S.D.N.Y. May 10, 1995) (allowing 10 depositions of absent class members).

members and the named plaintiffs cannot testify to the actual activities performed by managers in other stores. Much of the evidence that will be relevant at trial is known only to members of the class and includes, for example, (i) what reports and other information are actually reviewed by store managers, (ii) whether the manager is concurrently managing the store and performing nonexempt work[5], (iii) how the manager directs hourly employees, and (iv) the extent to which store managers are exercising discretion and independent judgment by comparing and evaluating possible courses of conduct.[6] This information is not available from district managers who may infrequently visit the store, hourly workers who do not have access to most of this information, or available documents, many of which can be interpreted only by the store manager. In short, so that the jury can fairly evaluate Family Dollar's defense, Family Dollar should be allowed to select its own store manager witnesses, which can be done only through the depositions sought. Family Dollar should not have to rely on class members selected by plaintiffs who presumably will provide favorable testimony for plaintiffs. Finally, in light of the small fraction of the class selected and that most are current employees who will not suffer any loss of pay, the burden on absent class members is low and any instances of retaliation can be fully addressed by the Court.

That this action has been certified for class treatment should not "deprive [defendants] of their right to prove their defenses." *Bruhl*, 2010 U.S. Dist. LEXIS 129504 at *9. Family Dollar will be "denied the opportunity to defend adequately against Plaintiffs claims" if it is "relegated to relying solely on the witnesses Plaintiffs choose to present." *Id.* at *8. As in *Bruhl*, Family Dollar has fully met its burden of showing that "limited targeted discovery is not only 'relevant to the decision of common questions,' but in fairness is required." *Id.*

---

[5] *See* 29 C.F.R. §541.106 Concurrent duties ("Generally, exempt executives make the decision regarding when to perform non-exempt duties and remain responsible for the success or failure of the business operations under their management while performing the nonexempt work.").
[6] *See* 29 C.F.R. §541.202 Discretion and independent judgment.

Respectfully submitted,

*/s/ John A. Ybarra*

John A. Ybarra

JAY
Attachment

cc: David Roth (via e-mail)
    Marc Hepworth (via e-mail)
    Charles Gershbaum (via e-mail)
    Joseph DePalma (via e-mail)
    Mayra Tarantino (via e-mail)
    Fran Rudich (via e-mail)
    Seth Lesser (via e-mail)
    Michael Palitz (via e-mail)

---

Plaintiffs to respond by letter on or before 1/20/12.

SO ORDERED:
Date: 1/11/12

*Richard M. Berman*
Richard M. Berman, U.S.D.J.