UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TANYA YOUNGBLOOD, et al.,            :
                                     :
            Plaintiffs,              :
                                     :    09 Civ. 3176 (RMB)
        - against -                  :    10 Civ. 7580 (RMB)
                                     :
FAMILY DOLLAR STORES, INC., et al.,  :    **ORDER**
                                     :
            Defendants.              :
------------------------------------------------------------x

Having reviewed the record herein, including the Court's Decision & Order, dated October 4, 2011, granting Plaintiffs' motion for class certification; the transcript of the January 5, 2011 conference before United States Magistrate Judge Frank Maas during which Defendants' counsel requested permission to depose "absent class members" in order to, among other things, develop evidence that there are "differences" among the class members; Judge Maas's Order, dated January 6, 2012, denying Defendants' request to depose absent class members because "[t]he burden of justifying the discovery of absent class members is heavy, particularly with respect to depositions," and Defendants "failed to meet that burden"; Defendants' letter, dated January 10, 2012, objecting to Judge Maas's January 6, 2012 Order; Plaintiffs' response letter, dated January 20, 2012; Defendants' reply letter, dated January 23, 2012; and applicable legal authorities, it is hereby

**ORDERED that Judge Maas's January 6, 2012 Order is affirmed.** The deposition of absent class members was properly denied by Judge Maas because (1) "in order to obtain such discovery, a defendant must demonstrate that the information sought is relevant to the decision of common questions," but here Defendants are pursuing "individual issues, as opposed to common questions"; (2) the information is "available from the representative parties," as well as

from the documentary evidence adduced which sets forth the duties and responsibilities of Defendants' store managers, "often in minute detail," or upon written interrogatories; and (3) the deposition of absent class members "would be unduly burdensome both for these individuals and for class counsel." (Decision & Order, dated Oct. 4, 2011, at 4); Redmond v. Moody's Investor Serv., No. 92 Civ. 9161, 1995 WL 276150, at *1–*2 (S.D.N.Y. May 10, 1995); see Perkins v. S. New England Tel. Co., 2010 WL 2026439, at *2 (D. Conn. 2010).

Far from being "clearly erroneous" or "contrary to law," Judge Maas's Order was fully in accord with applicable authorities. Fed. R. Civ. P. 72(a); see Weiss v. La Suisse, 161 F. Supp. 2d 305, 321 (S.D.N.Y. 2001) ("A magistrate judge's resolution of discovery disputes deserves substantial deference.").

Dated: New York, New York
January 23, 2012

_____
RICHARD M. BERMAN, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/23/2012